Conveyances — Documentary Stamp Tax — True Consideration The County Clerk does not determine the amount of documentary stamps to be affixed to a deed. The grantor in the conveyance purchases the proper amount of stamps based upon the true consideration regardless of the recitation as to value in the face of the conveyance. The Attorney General is in receipt of your letter of January 1, 1968, wherein you, in effect, state and ask in regard to 68 O.S. 5105 [68-5105] to 68 O.S. 5107 [68-5107] (1967): "We would like to know what the county clerk does in a case where a man comes in with a deed covering hundreds of dollars worth of property and the consideration is recited as one to 10 dollars and other valuable consideration, etc. Does the county clerk go by the face value of the recited consideration or does he go by the assessed valuation of the property? Just how does the county clerk determine the value of the property covered by the deed in order to arrive at the amount of stamps to be affixed?" Section 68 O.S. 5101 [68-5101] provides: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of the sale, exceeds One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." (Emphasis added) Sections 68 O.S. 5102 [68-5102] and 68 O.S. 5103 [68-5103] set out the exemptions to the tax and persons obligated to pay the same. Sections 68 O.S. 5104 [68-5104] and 68 O.S. 5105 [68-5105] provide for the design and distribution of the stamps. accounting and distribution of the funds raised thereby, and the enactment of rules and regulations for carrying out the provisions of the Act. Section 68 O.S. 5104 [68-5104], in part, sets out the duties of the county clerk, as follows: ". . . The Oklahoma Tax Commission shall distribute the stamps to the County Clerks of the counties of the State of Oklahoma, and said County Clerks shall have the responsibility of selling these stamps and shall have the further duty of accounting for the stamps and for the proceeds therefrom to the Oklahoma Tax Commission on the last day of each month. The County Clerks, however, shall retain five per cent (5%) of all monies collected for such stamps as their cost of administration and shall pay the same into the county general fund . . . ." Section 68 O.S. 5107 [68-5107] sets the operative date of the Act and Section 68 O.S. 5106 [68-5106] provides penalties for violation of the Act as follows: "Any person who shall wilfully fail to purchase and affix a sufficient amount of stamps on any deed as required under Section I of this act shall, upon conviction, be subject to a fine of not more than One Thousand Dollars ($1,000.00) or to imprisonment of not more than one (1) year, or to both such fine and imprisonment for such offense." It appears clear from the above quoted provisions of the Act that the county clerk has no discretionary duties with regard thereto but such duties as are imposed upon the county clerk are purely ministerial by way of "selling" and "accounting" for the stamps provided for in the Act. The tax is imposed upon the "consideration or the value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of the sale." It is the opinion of the Attorney General that your questions be answered as follows: The county clerk does not determine the amount of stamps to be affixed under Sections 5101-5107, supra. The grantor in the conveyance purchases the proper amount of stamps from the county clerk based upon the true consideration and affixes the same to the instrument regardless of the recitation as to the value in the face of the conveyance and certainly with no regard to the assessed valuation of the property. Should the county clerk receive knowledge that Section 5106 of the Act has or might have been violated, he should report the facts to the District Attorney of his county for a determination as to whether or not an offense has been committed against the State. (W. J. Monroe)